UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES     Plaintiff

v.     Criminal Action No. 3:19-CR-00050-RGJ

KEVIN LAMONTE EVANS     Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Suppress Evidence (the "Motion"). [DE 17]. Responses and Replies were filed. [DE 26, 27, 37, 38].[1] The Court held an evidentiary hearing [DE 33] and oral argument [DE 39], and the matter is now ripe. For the reasons below, the Court **DENIES** Evans' Motion.

## I. BACKGROUND

Over the course of about one month, Louisville Metro Police Department ("LMPD") detectives observed by pole camera a series of events which they suspected to be evidence of drug trafficking at 771 S. Shelby Street. [DE 26 at 93]. Defendant, Kevin Lamonte Evans' ("Evans") children live at 771 S. Shelby Street. Evans was on house arrest at his parents' residence immediately next door, 776 S. Shelby Street, and Evans often visited 771 S. Shelby Street. [Argument Tr. at 268:7–12]. The issue before the Court is whether a search of 771 S. Shelby Street, based on officers' belief that drug activity was taking place at the residence, is constitutional.

---

[1] Defendant Jarvis Roosevelt Sisson ("Sisson") moved to adopt Evans' Motion to Suppress [DE 30]. The Court granted this motion. [DE 32]. Sisson represented that he joined in the motion "to take factual exception to . . . what happened as relayed by Officer Haywood, but [ ] he has not made a motion to suppress that evidence." [Transcript of Suppression Hearing, Aug. 30, 2019 ("Argument Tr.") DE 40 at 277:8–10].

1

Approximately one month before the search at issue occurred, on June 26, 2018, detectives observed, by pole camera video, a vehicle parked outside 771 S. Shelby Street. [Transcript of Suppression Hearing dated June 28, 2019 ("Supp. Tr.") DE 34 at 149:21–22]. The driver was moving a package between several boxes while inside the vehicle. [*Id.* at 150:4–18]. The package aroused the detectives' suspicions because they could see the individual "take an item out of a Krispy Kreme box, and [ ] put it inside another box." [*Id.* at 151:15–20]. Based on the size and shape of the object in the item, the detectives believed it could be a kilo of narcotics. [*Id.*]. The detectives then observed another person approach the car, look into the box, and talk with the driver. [Supp. Tr. at 151:25–153:12]. The driver then pulled into a alley "right next to 771 Shelby." [*Id.*].

On July 24, 2018, detectives observed Evans, Sisson, and several other individuals outside 776 and 771 Shelby Street. [Supp. Tr. at 154:7–156:2; 159:21–160:2]. Sisson had two phones, both of which were visible on the video feed. [*Id.* at 157:10–20]. At some point the other individuals departed and only Evans and Sisson remained for short time before Sisson also departed. [*Id.* at 159:21–160:5]. Just before Sisson left 771 S. Shelby Street, Evans and Sisson entered the residence, and exited less than four minutes later. [*Id.* at 160:6–24]. After Sisson exited 771 S. Shelby Street, detectives observed a bulge in his pocket that was not present when he entered. [*Id.* at 161:12–162:18].

Sisson left the residence on a bicycle. [*Id.* at 162:18–22]. LMPD conducted a traffic stop after Sisson began riding his bicycle on the sidewalk in violation of traffic laws. [*Id.* at 162:18–63:20]. Sisson fled. [*Id.* at 164:11–19]. As he fled, Sisson discarded items from his pockets. [*Id.* at 165:3–166:23]. Detectives searched the area and found two bags of what appeared to be methamphetamine and $4,000 dollars. [*Id.*]. LMPD was unable to apprehend Sisson, and

detectives did not recover the cell phones they had previously observed in Sisson's possession. [*Id*. at 167:11–168:4].

LMPD then returned to 771 S. Shelby Street and entered without a warrant at approximately 2:09 p.m. [Supp. Tr. at 170:17–23]. The United States alleges that officers entered lawfully based on exigent circumstances to prevent the destruction of evidence. [DE 37 at 243–46]. Upon entering, detectives observed a marijuana blunt in plain view. [Supp. Tr. at 175:23–176:11]. Two officers then left to obtain a search warrant, which was ultimately obtained at 5:35 p.m. [*Id.* 199:1–18]. LMPD then searched the residence and discovered large amounts of methamphetamine, together with other incriminating evidence of drug trafficking. [Argument Tr. at 275:23–76:3].

Along with the events of June 26, 2018 and July 24, 2018, the warrant affidavit included two additional incidents, all of which took place inside or immediately surrounding 771 S. Shelby Street. First, the warrant affidavit described a shooting that took place in front of 771 S. Shelby Street on June 16, 2018. [DE 17-1 at 67]. Second, the warrant affidavit described an investigation and arrest of Evans and another individual for unlawful possession of a firearm on June 19, 2018, where police recovered $2,000 from the other individual who was arrested, a handgun from inside 771 S. Shelby Street, and a sawed-off assault rifle from the bushes in front of the residence. [DE 17-1 at 67–68].

After the search of 771 S. Shelby Street on July 24, 2018, Evans was arrested. The grand jury charged Evans and Sisson with conspiracy to possess with intent to distribute methamphetamine, possession of a firearm by a felon, and possession of a firearm in furtherance of a drug trafficking crime. [DE 1]. Evans moves to suppress all evidence found as a result of the search warrant. [DE 17 at 54–56]. Evans also moves to suppress the marijuana blunt that was

observed in plain view upon the officers' initial entry because the officers lacked exigent circumstance to enter the residence. [*Id.*].

## II. LEGAL STANDARD

"It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Rodriquez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Feldman*, 606 F.2d 673, 679 n.11 (6th Cir. 1979)). The Sixth Circuit has made clear that the burden of proof on the defendant requesting suppression extends to both "the burdens of production and persuasion." *United States v. Chaar*, 137 F.3d 359, 363 (6th Cir. 1998); *United States v. Patel*, 579 F. App'x 449, 453 (6th Cir. 2014).

## III. DISCUSSION

### A. The Entry of 771 South Shelby Street Was Constitutional.

First, Evans alleges that the warrantless entry into 771 S. Shelby Street violated his Fourth Amendment rights. [DE 17 at 57–60]. The parties agree that LMPD did not have a warrant when they entered 771 S. Shelby Street. Thus, the entry into the home would be unconstitutional unless probable cause and exigent circumstances were present. *United States v. Rohrig*, 98 F.3d 1506, 1515 (6th Cir. 1996). As the Court discusses below, there was probable cause. The United States argues imminent destruction of evidence provided exigent circumstances to enter without a warrant. [DE 37 at 243–46].

"[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton v. New York*, 445 U.S. 573, 590 (1980). The Sixth Circuit has implemented a two-pronged test to determine whether exigent circumstances to prevent destruction of evidence were present. First,

there must be "a reasonable belief that third parties are inside the dwelling." *United States v. Ray*, 577 F. App'x 526, 531 (6th Cir. 2014). Second, there must be "a reasonable belief that these third parties may soon become aware the police are on their trail, so that the destruction of evidence would be in order." *Id*.

Warrantless entry was supported by exigent circumstances in this situation. LMPD observed Evans reenter 771 S. Shelby Street after Sisson left, and had reason to believe he was still at the residence. [DE 37 at 245]. LMPD also had a reasonable belief that Evans would learn of their attempted stop of Sisson and destroy evidence in the residence. While Sisson was visiting with Evans, LMPD observed Sisson with two cell phones, neither of which was recovered after he fled police. [Supp. Tr. at 167:11–168:4]. Officers also knew that Evans was on house arrest, which requires that he always have a working phone on his person. [Argument Tr. 263:15–19]. Thus, LMPD had a reasonable belief that Sisson could contact Evans to warn of the police investigation, and Evans could destroy evidence.

Evans also argues that because he was initially apprehended in the backyard of 771 S. Shelby Street, there were no exigent circumstances to enter his home.[2] [DE 38 at 251]. The parties dispute whether Evans was found outside his home. [Argument Tr. at 270:3–13]. Yet no matter where Evans was found, Evans' oldest son, who was seventeen, was in the home along with Evans' young children. [Supp. Tr. 215:19–216:2]. Evans' son could have carried out the task of destroying evidence, and as a result the risk was not mitigated, and perhaps was increased, by Evans' arrest outside.

---

[2] Evans cites *Illinios v. McArthur*, where police detained a suspect outside of his residence until the warrant was obtained. [DE 38 at 251 (citing *Illinois v. McArthur*, 531 U.S. 326 (2001))]. Contrary to the present matter, in *McArthur* no one else was present in the trailer and, when the suspect did reenter the trailer during the several hours it took to get the warrant, police escorted him in and out of the trailer. *McArthur*, 531 U.S. at 328.

5

Because exigent circumstances were present, the warrantless entry to secure the residence did not violate Evans' Fourth Amendment rights. And "law enforcement officers may seize evidence in plain view, provided that they have not violated the Fourth Amendment in arriving at the spot from which the observation of the evidence is made." *Kentucky v. King*, 563 U.S. 452, 462–63 (2011); *see also Horton v. California,* 496 U.S. 128, 136–40 (1990). When LMPD first entered the residence, they observed a blunt on the table. [Supp. Tr. at 175:23–176:11]. Because the entry into the home was constitutional and the blunt was in plain view, this evidence is admissible and will not be suppressed.

B. **The Search Warrant Issued Was Valid And Items Discovered Incident Are Admissible**.

Evans also argues that LMPD illegally searched the residence because the "search warrant affidavit failed to establish the existence of probable cause to believe that evidence of a crime would be found at 771 S. Shelby Street at the time of the requested search." [DE 17 at 58]. The Fourth Amendment requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Probable cause is more than a mere suspicion but does not require *prima facie* proof. *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006); *United States v. Padro*, 52 F.3d 120, 122–23 (6th Cir. 1995). Probable cause exists if "the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched." *Greene v. Reeves*, 80 F.3d 1101, 1106 (6th Cir. 1996) (quoting *United States v. Besase*, 521 F.2d 1306, 1307 (6th Cir. 1975)).

The issuing judge will grant a warrant if the allegations contained within the warrant affidavit establish that there is "a fair probability that evidence of a crime will be located on the

premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir.1990)). The reviewing court must give great deference to the magistrate judge's finding of probable cause, (*United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000)), and should only overturn the validity of a search warrant issued where the magistrate judge has arbitrarily abused its authority, (*United States v. Brown*, 732 F.3d 569, 573 (6th Cir. 2013)). The reviewing court is to examine the totality of the circumstances within the entire affidavit. *United States v. Ferguson*, 8 F.3d 385, 391–92 (6th Cir.1993).

Evans argues that the evidence in the warrant affidavit did not amount to probable cause to search 771 S. Shelby Street. [DE 17 at 54]. Evans argues that Sisson's visit to the residence did not create a nexus between the behavior of Sisson and the location searched. [DE 17 at 56, 60]. Evans further argues that the other incidents in the affidavit, which all occurred before the search, "[e]ven added together, [ ] do not present more than a hunch by the officers." [DE 17 at 56].

The five-page affidavit submitted with the warrant affidavit included factual allegations that create a sufficient nexus between the alleged illegal activity and the location searched. On the day the search warrant was issued, LMPD observed Sisson enter the residence for a short stay. [DE 17-1 at 68]. LMPD then observed Sisson leave with bulges in his front pant pockets. *Id*. Immediately following his departure from the residence, Sisson fled from police and discarded a large quantity of cash and what appeared to be methamphetamine. *Id*. When LMPD returned to the residence, a strong odor of marijuana was detected. *Id.*

The Sixth Circuit has found probable cause for a search warrant of a residence when an individual was found with drugs shortly after leaving that residence. *United States v. Christian*, 925 F.3d 305, 309 (6th Cir. 2019). In *Christian*, the court found that there was a sufficient nexus between the residence searched and the illegal drug activity supporting probable cause where an

7

individual was seen "walk[ing] away" from the residence and was later stopped by police and found to be possessing 20 grams of heroin. *Id.* Additionally, prior criminal activity, even years old, can still be "one aspect of the totality-of-the-circumstances assessment of probable cause." *United States v. Jones*, No. 18-3875, 2019 WL 3074712, at *3 (6th Cir. July 15, 2019) (in upholding issuance of a warrant, court found that a seizure of guns in a residence three years ago and defendant's prior criminal history were not "too stale to be relevant" where it was "made relevant, in part, by [defendant's] presence at this house with these people in relation to the later controlled buy").

Here, the information in the warrant affidavit, which included two prior instances of suspected drug trafficking and seizure of guns, a report of a shooting occurring just outside the residence, a marijuana blunt found in plain view in the residence, the immediately preceding events involving Sisson's flight from the residence, and evidence of drug trafficking obtained from that scene, establish probable cause that a crime had been committed and evidence of the crime would be found inside 771 S. Shelby Street. Thus, evidence gathered pursuant to the warrant issued is admissible.

## IV. CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS** that:

1. Defendant's Motion to Suppress Evidence, [DE 17], is **DENIED.**

2. This matter is set for an in-person status conference on **November 4, 2019 at 2:00 p.m.** at the Gene Snyder United States Courthouse before the Honorable Rebecca Grady Jennings, United States District Judge.

Rebecca Grady Jennings, District Judge
United States District Court

October 21, 2019